On the 2d of
 
 April
 
 1786, the Chief Justice delivered the following opinion:
 

 M‘Kean,
 
 Chief Justice.
 

 In the case of an intestacy, the rule of law is clear, that simple contract debts, bonds, mortgages, and specialties of every sort, must be paid by the administrators out of the personal estate, this being the natural fund for debts, tho’ the younger children should be thereby left destitute: But where there is a will, the testator can substitute other funds in the place of the personal estate; What has
 
 Job Ruston
 
 willed in this particular, is the question.
 

 The
 
 intention
 
 of the testator shall govern the construction of a will in all cases, except where the rule of law over-rules the intention, and this is reduceable to four instances. 1. Where the devise would make a perpetuity. 2. Where it would put the freehold in abeyance. 3. Where chattels are limited as inheritances. And 4. Where a fee is limited on a fee.
 
 Select cases in Chan.
 
 31.
 
 Papillon v. Voice.
 
 And this intention must be collected from the whole of the will or writing itself. 3
 
 Burr.
 
 1541. 1581. 1662. 2
 
 Burr.
 
 771. 1106. 1
 
 Vez.
 
 231, and many other books.
 

 What then was the intention of the testator as expressed in his will ? The value of the real estate devised to the defendant, the quantum of his debts, and the amount of his personal estate at his death, would give considerable light in this matter. These have not been satisfactorily ascertained to us. However, we have been told, that the debts, specific and pecuniary legacies, with the charges of administration, will amount to about £3860. and that the personal estate produced only £588 13s9. So that if the defendant had paid the £3000, there would have been a deficiency of £270, and upwards, and nothing left for the residuary legatees. The counsel for the defendant insist, that he shall hold the remainder of the real estate unsold by the executors, exempt from the payment not only of any of the legacies, but also of the debts, unless the personal estate and the produce of the lands sold shall prove insufficient for the discbarge of the debts; because, they say, the £3000 was
 
 no legacy
 
 to the executors; it was
 
 no charge
 
 on the lands, for they were all devised to the heir at law; it was
 
 no condition,
 
 there being no remedy in case of failure; and it was
 
 no limitation,
 
 there being no devise over.
 

 
 *245
 
 The defendant took possession of the lands so devised to him; this evidences his assent to pay the £3000, and the intention of the testator that he should pay it to his executors, is too plain to bear argument. What rule of law or reason is there, to prevent the executors from recovering it ? Suppose the devise to the defendant had been subject to the payment
 
 of his debts,
 
 instead of a certain sum of money, viz. £3000, as in this case, the lands would be assets at law. The testator has subjected the gift to the payment of the £3000, and it must pass
 
 cum
 
 onere. I, therefore, consider the £3000, on the
 
 first
 
 question, as an equitable, if not a
 
 legal, charge,
 
 or as a
 
 trust
 
 or
 
 condition,
 
 which affects and binds the real estate, devised to the eldest son
 
 Thomas Ruston,
 
 and which it was the manifest intention of the testator he should pay at all events.
 
 Thomas
 
 could not be considered in this case as heir at law in Pennsylvania; where, if at that time a person died intestate, leaving divers children, his real estate descended to all his children equally, the eldest son having only a double portion, or share ; and, therefore, the devise may be considered even
 
 a condition. Cases in Eq. temp. Talbot
 
 271. 1
 
 Atk.
 
 383.
 
 3
 
 Will. 325.
 

 . The fame judgment was given by all the then’ juftices of the Supreme Court, five years ago, between the
 
 fame parties,
 
 on a cafe ftated on this
 
 very point;
 
 which I deem conclufive.
 

 But the
 
 second
 
 question, respecting the payment of the mortgage on the 218 acres is new.
 

 It appears to have been the intention of the testator, that the legacies
 
 specific and pecuniary
 
 should be paid, as well as that the devise of the real estate should take effect; and if practicable the assets should be so marshalled, that the testator’s intention in the whole should be carried into execution. The testator seems to have thought the £3000 would have been sufficient to have discharged all his debts, and also the
 
 particular pecuniary, legacies;
 
 but in this he has been mistaken.
 

 A mortgage is
 
 a debt;
 
 it arises on
 
 a loan;
 
 and there is
 
 a covenant
 
 to pay the money : It is a
 
 specialty debt. Thomas Ruston
 
 is an
 
 hœres factus
 
 of the whole real estate, on his payment of the £3000 ; and if that sum had been more than sufficient to pay off all the
 
 particular pecuniary legacies,
 
 by which I mean those given to his widow and children
 
 in full of their respective shares of his real estate,
 
 I would be of opinion that the mortgage should be paid out of the residue of that sum, as much as any other debt, and that he should not take the estate with this additional incumberance, as it does no where appear in the will, that the testator meant he should take it with this lien upon it.
 

 It is the constant practice in Chancery, to allow
 
 children
 
 the same favor as
 
 creditors. Talbot
 
 275. I therefore think, that the
 
 specific
 
 and
 
 particular pecuniary legacies
 
 bequeathed to the
 
 childre
 
 n
 
 *246
 
 ought not to be brought in ease of the particular lands mortgaged; but it seems to me, that the devise of the residuary part of the personal estate should give way to the devise of the real estate, subjected to the mortgage, and be applied as far as it will go in discharge of the mortgage; for the devisee of the real estate must take it
 
 cum
 
 onere, that is subject to the mortgage, unless the residue of the personal estate will be sufficient to discharge it. See
 
 Gilb. Rep. in Eq.
 
 72.
 
 Talbot
 
 202. 2
 
 Atk.
 
 230. 1
 
 Will.
 
 730. 694. Prec.
 
 in Cha.
 
 578.
 

 The following judgment was thereupon entered.
 

 By the Court:—It is considered by the Court, that the plaintiffs recover the sum of money mentioned in the verdict, together with lawful interest thereon, and the costs of suit; and that if there should remain any overplus, after paying and satisfying the general debts, the specific and pecuniary legacies, out of the personal estate, and the equitable charge of £3000 on the lands devised to the defendant, that the same be applied, in the first place, in discharge of the mortgage on part of the said lands to the managers of
 
 the
 
 Pennsylvania Hospital, and afterwards of the charitable legacy, and then among the residuary legatees, agreeably to the will of the testator.