(24 Misc. Rep. 475.)

STAPLES v. HAWES et al.

(Supreme Court, Special Term, New York County. August, 1898.)

1. WILLS—CONSTRUCTION—TRUSTS.
    A testator in one clause devised certain property in trust for beneficiaries, to be distributed equally among them on a certain date. The next clause directed "said trustee to pay the income of said trust property to [the beneficiaries] semiannually." *Held*, that the two clauses are to be construed together, in determining whether a trust was intended to be created.

2. SAME.
    A testator devised certain property to a certain person in trust for beneficiaries, to be distributed equally among them on a certain date, and the income to be paid to them semiannually. *Held*, that the intention was to create a trust.

3. SAME—POWER OF ALIENATION—SUSPENSION.
    Under 1 Rev. St. p. 728, § 55, authorizing a trustee to receive rents and profits of the trust property, "and to apply them to the use of any person during the life of such person or for any shorter time," a devise of property in trust, the rents and profits to be paid to the beneficiaries, and the property to be divided among them on a certain future day, is invalid, as suspending the power of alienation for a definite term of years.

4. SAME.
    Where the carrying out of the intention of a devise would be to suspend the power of alienation beyond the term permitted by statute, the devise is void, whether it create an active trust, or merely a power in trust.

5. SAME—TRUSTS—VESTING OF ESTATE.
    A testator devised real estate in trust to a stranger for the benefit of infant beneficiaries; the income to be paid to them semiannually, and the property to be divided among them on a certain future date. *Held*, that the intention of the testator cannot be construed to be to vest the

property in the beneficiaries on testator's death, and therefore, the trust being invalid, the devise must fail.

6. SAME—ELECTION—WAIVER.

A testator devised a life estate to his daughter, and by another clause devised other property, by a void trust, to certain beneficiaries. The daughter was his sole heir at law, and but for the will would have been entitled to the former property in fee. *Held*, that as her acceptance under the will was a detriment, and not a benefit, to her, she was not estopped thereby to contest the validity of the trust.

7. SAME.

When a trust created by will is in violation of the statute prohibiting the suspension of the power of alienation beyond certain periods, the heir will not, by electing to take under the will, waive the right to contest such void trust.

Action by Frank T. Staples, as trustee, against Agnes Hawes and others for the construction of a will.

Hyde & Leonard, for plaintiff.
Evarts, Choate & Beaman, for defendant Hawes.
John Biddle Clark, for defendant Staples, executor.
Edward H. Childs, for infant defendants.

STOVER, J. This is an action for the construction of a will. By the second and third clauses of the will the testator gave to his daughter, Agnes Hawes, a farm, and all the personal property on the farm, for her use during her natural life. And by the fourth clause the farm was given to his granddaughter Mary Hawes. The fifth, sixth, and seventh clauses of the will are as follows:

"5th. I give, devise, and bequeath the rest and residue of all my property, both real and personal, and wherever situated, to Frank T. Staples, in trust for my grandchildren, Mary Hawes, David Henry Hawes, and Isaac Hawes, my adopted son, Jesse Wakeman, and my daughter, Agnes Hawes, to be divided and distributed among them, share and share alike, on December 1, 1910. 6th. I direct my said trustee to pay the income of said trust property to said David Henry Hawes, Mary Hawes, Isaac Hawes, Jesse Wakeman, and Agnes Hawes semiannually. 7th. I appoint James Staples executor of this, my last will."

The testator lived and died in the state of Connecticut, and owned certain real property in the state of New York, which was part of the residuary estate, and disposed of in the fifth and sixth clauses of the will. This action is to determine the effect of those clauses under the laws of this state. The defendant Agnes Hawes is the only heir at law of the testator. The defendants Mary Hawes, David Henry Hawes, and Isaac Hawes are grandchildren of the testator, and children of the defendant Agnes Hawes. They are all infants. Jesse Wakeman, the other defendant, although spoken of as an adopted son, was in reality never adopted by the testator.

The contention is made on behalf of some of the defendants that the fifth and sixth clauses of the will are to be read and construed separately, and, thus construed, no trusts are attempted to be created by the testator. But it seems to me that such a construction would be at variance with all established rules, and in fact with the ordinary interpretation of language. A primary rule of construction is that the intention of the testator is to be gathered by reading the whole of the will, and that separated and isolated portions are

not to be considered by themselves, if the whole instrument would indicate or lead to a different construction, but that full effect is to be given to the whole of the will. In order to constitute a trust, there should be a trustee, an estate, and a beneficiary; and all three of these elements exist in the case under consideration. The trustee is not the executor of the will, and is named in this connection only as trustee. An estate separate and distinct from that of the executor is carved out of the estate, and vested in the trustee, to be held by him until such time as the estate is to be divided. So it must be held that this contention is not well founded, but that by the fifth and sixth clauses of the will the testator intended to create a trust. This trust, if valid, must go under section 55 of the statute of uses and trusts (1 Rev. St. p. 728), which permits the receipt of rents and profits to be applied to the use of any person. So far as the purpose of the trust was to invest the trustee with power to receive rents and profits, it was valid, had it been limited upon such a term as the statute authorizes; but the wording of the statute is, "and to apply them to the use of any person during the life of such person, or for any shorter term," etc. Under all rulings, the duration of a. trust, whether in real or personal property, must be limited to lives in being; and no term of years, however brief, will satisfy the statute. Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, and authorities cited. This trust, therefore, sought to be created, was invalid and void. But it is said that the estate can be held, and the intention of the testator effectuated, by construing the trust simply as a power in trust; but, as has been said, the power of alienation can be no more suspended by the exercise of a power in trust than by the effectuation of an active trust. Whatever the form, if the carrying out of the spirit or intention of the grant or devise would be to suspend the power of alienation beyond the term permitted by the statute, it must be held to be void. And it seems to me that no accumulation of argument is necessary to determine that in this case it was the intention of the testator that the title to his property should remain in the trustee until the year 1910, when it was to be divided among the beneficiaries. Again, it is said that a construction which would vest the estate in the beneficiaries at the time of the death of the testator, cutting off the illegal provision in the will, would be to effectuate the intention of the testator. I have given careful consideration to this view of the case, with a view of determining, if possible, by some legal construction, and without ignoring the fundamental rules of construction, or the ordinary interpretation of language, some method by which the intention of the testator might be carried out, but I am unable to uphold the provisions of this will. It is true that·in cases where the will has contained strong words of gift in praesenti, but by after clauses or conditions the subject of gift was endeavored to be placed in trust, and the estate limited, the court has held that, the provisions being inconsistent, one being legal and the other illegal, the illegal condition may fail, and yet the gift stand, freed from such illegality. But it will be seen in each of these cases, so far as I have examined, with perhaps a single exception, where a divided

court disposed of a case presumably not upon grounds at variance with other well-considered cases, that the foundation of the rule is that there is a valid expression of a desire to vest the estate in præsenti, and that this will, if capable of such construction, would come within this line of decisions. But the testator has made no such expression in the case under consideration. Were the estate of the trustee and of the beneficiary combined, the estate would have vested in trust immediately upon the death of the trustee. But the testator has been at great pains to vest the title of the estate in the trustee, who is an entire stranger to the property, otherwise than in his capacity as trustee. He has no interest whatever in it, except as trustee. None of the beneficiaries are to enjoy or even take the title to the property until 1910, when it is to be divided between them. So I think it must be said, in all fairness, that it was the intention of the testator that his trustee should be vested with the title to this property until the year 1910, and that upon the expiration of that term the property was to be divided, and the interest of the beneficiaries then vested in them. This was not a legal disposition of property. It is not for the court to say what disposition the testator would have made, if he had known this was an illegal disposition. Presumably he intended that he would be intestate, because he made no other disposition of his property, and the court ought not to undertake to make what to it would seem a reasonable will. Non constat the testator determined when he made the provision that he would take the hazard of its illegality, knowing that, if it was illegal, his heir at law would take the property. In fact, the presumption would be that he so intended, for it must be presumed that he knew the law; and, where the intention is plain, the court ought not to be anxious to dispose of the property in some other way than that intended by the testator. Because the testator desired the beneficiaries to have the estate when they arrived at a suitable age in 1910, it does not follow that he was willing they should take it at his death. The trust is as vital a part of the scheme of disposition as the final vesting, and without the trust the whole scheme fails. The trust cannot be taken away, and the intention of the testator be practically or substantially carried out. I have said that the estate vested, and this has been said, not so much with reference to the adjudications that have been had in numerous "hard cases," where the court has sought to find some legal way of effectuating the intention of the testator, but rather from the clear expressions of the testator himself, his language, it seems to me, being clearly such as indicated that his infant grandchildren were not to be vested with the title of the estate until the year 1910; the circumstances of the disposition of the estate, the title being by express words placed in the trustee, to be held by him until 1910; the fact that these grandchildren were infants, and that there were no words anywhere within the instrument vesting the property in the beneficiaries before 1910; the scheme evidently being to preserve his property intact, for in no other way could the property of the trustee be kept intact until 1910, and that there should be no power of alienation prior to that

time, for in no other way could the intention of the testator be carried out. And this rule is in line with the authorities. The rule is concisely stated by Folger J., in Warner v. Durant, 76 N. Y. 133, as follows:

"Where there is no gift, but a direction to executors. or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time arrives."

And in Smith v. Edwards, 88 N. Y. 92, by Finch, J.:

"It has been often held that, if futurity is annexed to the substance of the gift, the vesting is suspended," and that, "where the only gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift."

And this rule is affirmed in Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184; Earl, J., writing the opinion, which was unanimously concurred in. And so for the court, with this construction clearly in mind, to say that, although the testator so intended, yet in order to prevent intestacy the court will say that the estate vested at once in the beneficiaries, would seem to me as carrying the doctrine of construction to avoid intestacy far beyond the limits intended by its authors or advocates; for this rule of construction is applied in doubtful cases, and ought not to be extended beyond such class of cases, and the court ought not to inaugurate a rule of construction which invalidates the statute of uses and trusts.

Some considerable stress is laid upon the case of Warner v. Durant, 76 N. Y. 133, where there was a gift to executors of specified personal property, to be at once severed from the bulk of the testator's estate, for the benefit of the legatee, to be paid to him at the end of five years, and in the meantime interest thereon at the rate of 7 per cent. to be paid to him. The rule in that case was that applicable to personal property only. But there the gift was severed from the rest of the estate, and some consideration was given to that by the court; but I do not find this case an authority for the proposition that where a trustee is vested with the title to real estate for a term of years, with directions to divide the estate among the beneficiaries at the end of the term, and in the meantime to pay over the income to them, an estate is vested in præsenti in the beneficiaries who are to participate in the division of the property at the end of the term.

Another contention remains to be disposed of, viz. that the defendant Agnes Hawes, having accepted some of the benefits under the will, viz. her life estate in the farm, the personal property situated upon the farm, and a portion of the income from the estate, has elected to accept the conditions of the will, and cannot dispute the fifth and sixth clauses. I understand the rule governing election to be controlled primarily by the consideration that it would be inequitable and unjust to permit a party to accept a benefit given while repudiating the conditions upon which it was given, and it seems to me that this case does not present a case of an election. The testator gave to Agnes Hawes a life estate in the farm first spoken of, with the remainder to her children. By accepting this

Agnes Hawes in no way prejudiced the rights of any one. But for the will, she would have been entitled to the entire fee of the property in question, and the ownership of the personal property, she being the only heir at law. So that by permitting that clause to stand, instead of receiving a benefit, it has been to her disadvantage. But it is not necessary to place the decision upon that ground, for the rule requires only that the devisee or legatee shall not by any act of his defeat the testator's intent as expressed in a valid instrument, if it is within the power of the donee to give it full effect. And, in those cases where the heir has been put to an election, it has been within the power of the heir to carry out the intention of the testator, but not so in the case under consideration. The testator has violated a plain provision of the statute,—one which is founded, not for the protection of private rights, for they may be controlled by the individual himself, but as the definition of a line of public policy. It cannot be waived by an individual, nor can acts in derogation of the statute be condoned by an individual; and, whenever and wherever arising, effect must be given to the statute. So that, even had Agnes Hawes desired, it was not within her power to give full effect to the intent of the testator by carrying out the trust. The trustee, the plaintiff in this action, is entitled to have his status defined, and he has brought this action for that purpose. He asks the court now to construe that statute in accordance with the well-established practice of the court. Some very broad rules have been laid down in cases where the rule of equity above stated has been enforced, viz. that it would be inequitable; but there can be had in this case no inequitable result in holding that Agnes Hawes was entitled to take the property, if she receives no greater benefit than she would have received had the testator not made the devise and bequest to her; and her acceptance of it in no way prejudices the right of any defendant, she simply taking a limited estate in what otherwise would have been hers absolutely. So that the rule laid down in Havens v. Sackett, 15 N. Y. 365, is applicable, viz. the devisee or legatee is at liberty to take everything he is entitled to, both under the will and outside of it, unless it is clearly the intention of the testator that one gift is made upon the condition that he should not claim other rights to which he may be entitled. But, as we have seen, this cannot be construed so as to require the heir to acquiesce in an illegal disposition of property, or require him to surrender the property which would come by reason of the illegal provision; for to do this would be to make a new disposition of the property, not understood by the testator, and not carrying out his intention. But the presumption being that the testator intended that, in case of an illegal devise, the statute would control, as soon as it is determined that the statute is illegal the presumption is that the testator intended that the heir should receive the full benefit of it. It is the law which disappoints the gift, and not the heir, and the heir is entitled to the benefit which the law confers.

It follows that Agnes Hawes was not bound to elect, nor is she estopped from claiming the invalidity of the fifth and sixth clauses

of the will.    And the deductions made are that the trust attempted to be created was invalid; that by the provisions of the will the estate was not vested in the beneficiaries, and that the power of alienation was illegally suspended; that these features (the creation of the trust, and the vesting of the estate in the trustee until 1910) were an indispensable part of the scheme of the testator in the disposition of his property, and upon its failure the disposition attempted fell; and hence that there was no valid disposition of the property by the will, under the fifth and sixth clauses thereof.    Judgment may be submitted accordingly.