## MARIS, ADMINISTRATOR, v. WOLFE ET AL.

[No. 7,123. Filed October 14, 1910.]

1. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Petition.—Sufficiency.*—A petition by an administrator to sell real estate to pay debts, alleging that there is no personal estate and that the cost of administration is $95, is sufficient, when attacked for the first time on appeal. p. 418.

2. WILLS.—*Construction.—Intent.—Rules of Law.*—The intention, where it is expressed agreeably to the rules of law, governs in the construction of a will. p. 419.

3. WILLS.—*Remainders.—Vesting.*—The law favors the vesting of remainders. p. 419.

4. WILLS.—*Devises.—Estates.*—A will providing (1) that testator's widow "do have and hold, for her own benefit, one-third in value of all" of testator's real estate, (2) that his wife have for her own benefit one-third in value of the personal property, after payment of debts, (3) that the remainder of testator's property, after payment of debts, be divided equally among his children, (4) that the wife be given the care of the children, and (5) that no distribution be made during the lifetime or widowhood of the wife, gives to the widow a fee simple title to one-third of the real estate and of the personalty, to the children the remainder, after payment of debts, to the widow, the care of the children and the management of their estates, and also prohibits a distribution during the widow's lifetime or her widowhood. p. 419.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Petition by Aaron Maris, as administrator of the estate of Louisa Wolfe, deceased, against Louis Wolfe and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Oscar Ratts* and *Bayless Harvey,* for appellant.
*Perry McCart* and *Will H. Talbott,* for appellees.

COMSTOCK, C. J.—Appellant, as administrator of the estate of Louisa Wolfe, deceased, filed his verified petition in the court below, alleging that no personal property of said estate had come to his knowledge or possession; that there was due from said decedent, on a judgment rendered in the Orange Circuit Court in favor of John Maris, deceased, against said Louisa Wolfe in her lifetime, the sum of $219.-27, which was a lien on any real estate she may have owned at her death, that the costs of administration would amount to $95; and that decedent died the owner of an interest in certain real estate. Said administrator asked that an order be given empowering him to sell the real estate described.

Defendants filed an answer in general denial and an answer of payment of the judgment, for the satisfaction of which the land was sought to be sold. To the plea of payment, the administrator replied by general denial.

The court made a special finding of facts and stated conclusions of law thereon in favor of appellees. Appellant took exception to each conclusion of law. A motion for a new trial, stating, among other reasons, that the decision of the court was contrary to law, was overruled and judgment rendered against appellant for costs.

The errors assigned question the correctness of the conclusions of law and the action of the court in overruling appellant's motion for a new trial.

Before considering the special finding of facts, we may dispose of a question raised by appellant as to the suffici-

ency of the petition to sell the real estate. No demurrer to the petition was filed in the court below.

It is objected to here, because it does not aver that there was ever a claim filed against the estate, or even presented to the administrator. The petition shows that there was no personal estate and that the cost of administration was $95. This was sufficient. *Dunning* v. *Driver* (1865), 25 Ind. 269; *Falley* v. *Gribling* (1891), 128 Ind. 110.

In substance, the court found that Louisa Wolfe died in Orange county, Indiana, intestate, on May 28, 1902, leaving certain heirs, naming them; that plaintiff is the qualified and acting administrator of the estate of Louisa Wolfe, deceased; that on April 11, 1899, John Maris, now deceased, recovered judgment in the Orange Circuit Court against Louisa Wolfe and another in the sum of $149.50; that said judgment was recorded; that no entry of payment or satisfaction of said judgment appears among the records or files of said court; that, since the date of said judgment, John Maris died, and plaintiff is administrator of his estate; that no part of said judgment has been paid to said Aaron Maris, administrator of the estate of John Maris, deceased; that Louisa Wolfe was the wife of Peter Wolfe, deceased, who prior to his death made and executed his will; that said Louisa Wolfe at her death owned no personal property; that said Peter Wolfe, at his death, was the owner in fee of the real estate described in the complaint.

Upon the facts found, the court, as its conclusions of law, stated (1) that neither Minnie Wolfe nor her child, Charles Wolfe, at the time of death owned any portion of the real estate devised by the will of said Peter Wolfe; (2) that said Louisa Wolfe, by virtue of said will, was given only a life estate in and to the real estate described in said petition, that plaintiff is not entitled to an order for the sale of said real estate, or any part thereof, to make assets for the payment of the claim against the estate of Louisa Wolfe,

deceased, and that the costs of this action should be taxed against said estate.

The controlling question presented is, What interest did appellant's decedent Louisa Wolfe have in the real estate? If the widow took a fee in the real estate devised, the judgment should be reversed, otherwise, affirmed.

The intention of the testator is the primary consideration in the construction of a will. There are, however, qualifications to the general rule, the first of which is, that the intention expressed in the will is to govern, if not inconsistent with the established rule of law, and must be governed by the words used, and in full view of everything contained within the four corners of the will. The law favors the vesting of remainders. *Burton* v. *Carnahan* (1906), 38 Ind. App. 612, and cases cited; *Fenstermaker* v. *Holman* (1902), 158 Ind. 71; *Pate* v. *Bushong* (1903), 161 Ind. 533, 63 L. R. A. 593, 100 Am. St. 287.

Item one of the will reads:

"It is my will and desire that my wife, Louisa Wolfe, do have and hold, for her own benefit, one-third in value of all my real estate of which I may be the owner at my death."

Item two devises and directs that the wife have for her own benefit one-third part in value of the personal property that may be left after paying all of the testator's just debts of every description. Item three provides that the remainder of testator's real estate and personal property, that may remain after paying his just debts and the bequest before made to his wife, shall be divided share and share alike between his children. By item four the wife is given the care and custody of the minor children so long as she remains testator's widow, and the management of the property devised to his children. Item five provides that no distribution during the lifetime or widowhood of the widow shall be made.

The first item gives to the widow one-third of the real estate in fee; the second, one-third of decedent's personal property, absolutely; the third, the remainder of two-thirds of the real and personal estate, after payment of debts, to the children of the decedent and to the child or children of those who are dead; the fourth gives the custody of the minor children to the wife, so long as she remains testator's widow, and the management of two-thirds of the estate devised to the minor children, giving to those who are of age the management of the property devised to them. The fifth provides that no distribution of the estate shall be made during the lifetime of the widow or during her widowhood. The fee simple in item one is emphasized in item three, which disposes of the remainder, in item four, which gives to the widow the control and management of the minor childrens' share during their minority, and in item five, which postpones the distribution.

Judgment reversed, with instructions to restate conclusions of law to render judgment in favor of appellant.