## REEDER ET AL. v. ANTRIM.

[No. 8,809. Filed December 9, 1915. Rehearing denied May 12, 1916. Transfer denied March 14, 1917.]

1. APPEAL.— *Waiver of Error.— Briefs.*— Where appellants' briefs present only the question of the alleged error of the trial court in its conclusions of law, other assignments of error are waived. p. 88.

2. WILLS.—*Construction.—Intention.*—The chief object in construing a will is to ascertain from the language of the instrument the intention of the testator, and when the intention is so ascertained it must be given effect, unless it violates some established rule of law or contravenes some principle of public policy, in which event it cannot prevail. p. 90.

3. WILLS.—*Language.—Construction.*—Effect must be given to all parts of a will, if possible. p. 91.

4. WILLS.— *Construction.— Ascertaining Intention.— Consideration of Invalid Provisions.*—In ascertaining the intention of a testator, all the provisions of the will must be considered, regardless of whether some of them may be invalid, or incapable of execution, because of some fixed rule of law, or because of the right of some devisee to elect to take under the law and to reject the provisions of the will. p. 91.

5. WILLS.—*Construction.—Fee-Simple Devise.—Cutting Down by Subsequent Provisions.*—When a fee-simple title is devised by one clause of a will in clear and decisive terms, it cannot be cut down or modified by a subsequent clause which merely raises a doubt or leaves room for a contrary inference, nor by any subsequent words which are not as clear and decisive as those by which the estate is devised. p. 91.

6. WILLS.—*Construction.—Fee-Simple Devise.—Cutting Down by Subsequent Provisions.*—Although a fee-simple title is devised by one clause of a will in clear and decisive terms, where latter provisions clearly and distinctly show an intention to give an estate less than a fee-simple, or clearly and unmistakably show an intention to make the devise subject to some condition,

limitation or restriction which under the law necessarily cuts down or destroys the estate devised, such intention cannot be ignored, and the will must be interpreted and carried into effect subject to such modifications, restrictions or subtractions as necessarily result from such provisions so clearly and definitely stated.  p. 91.

7.  WILLS.—*Construction.—Intention.*—While the object of construing a will is to ascertain, and give effect to, the intention of the testator when possible, yet the intention to be carried into effect by judicial interpretation is not necessarily or always the intention which existed in the mind of the testator when the will was executed, but is always that intention which is embodied in, and obtained from, the language of the will itself. p. 92.

8.  PERPETUITIES.—*Suspension of Power of Alienation for Term of Years.*—An item of a will devising all the real and personal property of testatrix on the death of her husband to the children of a nephew who should survive the husband, and providing that the property should not be sold by them until ten years after the husband's death, at which time their title would be a fee simple, clearly denies the right to alienate the land for ten years and violates the statute against perpetuities (§3998 Burns 1914, §2962 R. S. 1881), providing that the power of alienating lands shall not be suspended by any limitation or condition whatever contained in any grant, conveyance or devise, for a longer period than during the existence of a life or any number of lives in being at the creation of the estate conveyed, granted or devised, except that a contingent remainder in fee may be created on a prior remainder in fee, to take effect in event that the persons to whom the first remainder is limited shall die under the age of twenty-one years, or upon any other contingency by which the estate of such persons may be determined before they attain their full age.  p. 92.

9.  WILLS.—*Construction.—Estates Created.—Fee Simple.*—An item of a will devising all the estate of the testatrix, both real and personal, at the death of her husband, to the children of a nephew surviving the husband, was sufficient when considered apart from a provision denying the right of alienation until ten years after the husband's death to pass a fee-simple title of the real estate to the children of the nephew, under §3123 Burns 1914, §2567 R. S. 1881, providing that every devise, in terms denoting the testator's intention to devise his entire interest in all of his real or personal property, shall be construed to pass all of the estate in such property.  p. 95.

10.  ESTATES.—*Title.—Elements.—Right of Alienation.*—The right of alienation is an essential element of a fee-simple title.  p. 95.

11. WILLS.— *Construction.— Valid and Invalid Provisions.—* Where the provisions of a will are partly legal and partly illegal, the legal parts may be upheld if they can reasonably be separated from the illegal without changing the testator's general scheme and disregarding his clearly expressed intention, but, if by such elimination, the remaining portions of the instrument amount to a different devise from that which the testator intended, the whole must fail. p. 95.

12. WILLS.—*Construction.—Item Invalid in Part.—Elimination of Invalid Provision.—Effect.—*Where a will, after reciting that the other brothers and sisters of testatrix had been provided for in the will of her mother, made a provision for the support of a brother, and then devised to testatrix' husband a life estate in all of her property, both real and personal, subject to the charge thereon in favor of the brother, and further provided that at the death of the husband all of the estate should be given to the children of a nephew surviving the husband, but stipulated that they should not sell the property until ten years after the husband's death, at which time their title to the real estate should be a fee simple, the dominant purpose of the testatrix was to provide for her brother's support, to give a life estate to the husband in all of such property, and, subject to the charge in favor of the brother and the life estate of the husband, to devise all of the property, real and personal, to the children of the nephew, and in view of such intention, the invalid provision in restraint of alienation may be eliminated and the devise to the nephew's children sustained, thereby giving effect to all of the essentially controlling elements of the intention of testatrix as evidenced by the whole instrument. pp. 96, 98, 100.

13. WILLS.—*Construction.—Vesting of Estates.—Presumption.—* The law favors the vesting of remainders at the earliest possible period, and in the absence of a clearly expressed intention to the contrary, presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of the estate. p. 98.

14. WILLS.—*Election to Take Under the Law.—Effect on Remainders.—Statute.—*Where the will of a testatrix who was childless and was survived by neither parent devised to her surviving husband a life estate in all of her property, real and personal, with the fee in the real estate to the children of a nephew on the husband's death, and he elected to take under the law, he thereby became the owner of the fee-simple title to one-third part of the real estate and, as the life estate in the remaining two-thirds part of the real estate was not disposed of by the will, he also took it as the sole heir of the wife under §3028

Burns 1914, §2190 R. S. 1881, providing that "if a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor," and the children of a nephew took a fee-simple title to the undivided two-thirds of the real estate of testatrix, subject to the husband's life estate; and §3047 Burns 1914, Acts 1907 p. 73, providing that a surviving husband electing to renounce the provisions of the will shall take nothing under it, has no application in such a case, since he took nothing under the will. pp. 98, 101.

15. WILLS.— Construction.— Devise of Real Estate.— Estate Granted.—While a devise of real estate in general terms unaccompanied by words of inheritance or other language defining the quantity of the estate devised gives only a life estate, yet when the will contains any expression or provision indicating an intention to devise a fee-simple title, the courts will give effect thereto in order to carry out the intention of the testator. p. 100.

16. WILLS. — Construction. — General Devise of Personalty. — Estate Granted.—A bequest of personal property in general terms is sufficient to give to the devisee an absolute title. p. 100.

17. WILLS.—Construction.—Joint Devise of Real and Personal Property.—Estate Granted in Realty.—Where a general devise of real estate is coupled with a general bequest of personal property, such fact is sufficient to indicate an intention to devise the lands in fee. p. 100.

18. WILLS.— Construction.— Devise of Fee Simple.— Invalid Limitations.—Estate Granted.—A valid devise of a fee with an attempted invalid qualification amounts to a devise of a fee-simple title. p. 101.

From Marion Superior Court (86,194) ; *John J. Rochford,* Judge *pro tem.*

Action by Charles J. Antrim against Bert J. Reeder and others. From the judgment rendered, the defendants appeal. *Reversed in part and affirmed in part.*

*Ferdinand Winter, Alexander C. Ayres* and *Frank C. Ayres,* for appellants.

*Henry Clay Allen, Frank E. Gavin, James L. Gavin* and *William E. Gavin,* for appellee.

FELT, P. J.—This was a suit to quiet title to 145 acres of real estate in Marion county, Indiana. The ques-

tions involved depend for solution on the construction of the will of Emma Antrim, the deceased wife of appellee. Issues were joined on a complaint in five paragraphs. On request the court made a special finding of facts and stated its conclusions of law, which were in favor of appellee and judgment was rendered thereon accordingly. The errors assigned question the court's rulings on the demurrer to the complaint, in overruling appellants' motion to modify the judgment and for a new trial, and also allege that the court erred in each of its conclusions of law.

The special finding of facts is in substance as follows: That Emma Antrim died September 10, 1909, in Marion county, Indiana, testate, the owner of the real estate in controversy; that she left no "descendants and neither father nor mother living at that time, but left surviving her as her only heir at law her husband," the appellee; that her will was duly probated. The will, which is set out in full in the finding, makes provision for the payment of her debts, funeral expenses and the erection of a monument. It mentions her brothers and sisters and states that they have been provided for in the will of her mother and that she gives them nothing, except her brother James E. Rowney, who has accumulated no property, for whom she makes provision for support in certain contingencies.

Items Nos. 5 and 6 of the will are as follows:

"Item 5. I give, bequeath and devise to my beloved husband, Charles J. Antrim, for and during the term of his natural life, all my property both real and personal, which shall remain after the carrying out of the provisions of this testament, in lieu of his rights in my estate as my widower under the statutes and the law of the State, subject, however, to the charge upon his said life estate in item 4 of this instrument in favor of my brother James E. Rowney.

Item 6. At the death of my beloved husband, I

give all my estate both real and personal, to the children of my nephew, Isaac Reeder, who shall survive my husband, but said property shall not be sold by them or any of them until after ten years after my husband's death, at which time their title shall be a fee simple, subject, however, at all times to the charge created at item 4 of this will in favor of my brother James E. Rowney."

The court also finds that on September 20, 1909, appellee duly filed his written notice of his intention to take under the law and his declination to take under the provisions of the will; that James E. Rowney died before the death of the testatrix; that Isaac Reeder mentioned in item No. 6 of the will survived the testatrix; that appellants are the only living children of said Isaac Reeder and the only children born to him; that appellee has at all times since the death of his wife been in the exclusive possession of the real estate in controversy; that the estate of the testatrix has been duly administered and settled according to law.

Appellants' briefs present only the question of the alleged error of the court in its conclusions of law. The other assignments of error are therefore waived.

1. *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 671, 103 N. E. 481; *Leach* v. *State* (1911), 177 Ind. 234, 239, 97 N. E. 792; *Wellington* v. *Reynolds* (1911), 177 Ind. 49, 55, 97 N. E. 155.

In substance, the trial court held that the testatrix did not intend to devise the real estate in fee simple to appellants until the expiration of ten years after the death of appellee, her husband; that such attempted devise of a fee-simple title to appellants is in conflict with the statute of perpetuities and void; that appellee is the owner in fee simple of one-third of the real estate in controversy and of a life estate in the two-thirds part thereof; that the appellants who shall survive appellee are contingent remaindermen, and will be the

owners of a life estate in such two-thirds part thereof; that appellee is the owner of the fee-simple title to the two-thirds part of said real estate, by descent as heir of his deceased wife, Emma Antrim, subject to the contingent right of appellants therein as above stated.

Appellee has assigned cross-errors by which he questions the correctness of the conclusions of law in so far as they give any interest to appellants and under which they contend that item No. 6 of the will is void and that appellee is the owner in fee simple as sole heir of his wife of all the real estate in controversy.

The gist of appellants' contention is that the intention of the testatrix was to give appellants a fee-simple title to her real estate, subject to the life estate of appellee; that the provision of item No. 6 denying appellants the right of alienation for ten years subsequent to appellee's death is a limitation on the use and enjoyment of the estate and does not render the devise void as being in conflict with the statute of perpetuities; that if such restriction of the right of alienation is void it does not invalidate the devise.

In support of these contentions appellants invoke certain rules of construction, viz.: (1) We are required to ascertain and carry into effect the intent of the testatrix where it can be done, without disregarding or overruling some established rule of law, and in ascertaining intent we must consider all the provisions of the will. (2) The presumption is against intestacy as to any part of the estate where a will has been made, and where there is no devise over of the residue of the estate it aids the court in determining that the testatrix intended to devise all of the estate. (3) The law favors the vesting of estates at the earliest possible time consistent with the provisions of the will. (4) The law presumes that the testatrix did not intend to violate the rule against perpetuities. (5) Adverbs of time used in a will gen-

erally refer to the time of the enjoyment of the estate devised and not to the time of its vesting.

Appellee admits that the will evidences an intention of the testatrix to devise an estate to appellants but asserts that in this suit neither appellants nor appellee are seeking to carry into effect such expressed intention; that appellants are seeking to avoid and annul the clearly expressed intention to deny them the right and power of alienation for ten years after the death of appellee; that in electing to take under the law appellee acted within his legal rights; that the intention to deny appellants the right of alienation for ten years after appellee's death is as clearly expressed as the intention to devise them an estate; that the restriction on the right of alienation is not a limitation on the use and enjoyment of the estate, but clearly and definitely takes from appellants one of the essential elements of a fee-simple title and violates the rule against perpetuities.

There is no controversy in the case as to the general rules employed in the construction of wills, but the contentions of the parties are sharply divergent as to the meaning and effect of the provisions of the will and the rules of law applicable thereto.

The chief object in construing a will is to ascertain from the language of the instrument the intention of the testator. When the intention of the testator is so ascertained from the will, it must be given effect unless it violates some established rule of law or contravenes some principle of public policy, in which event it cannot prevail. *Fenstermaker* v. *Holman* (1901), 158 Ind. 71, 74, 62 N. E. 699; *Skinner* v. *Spann* (1911), 175 Ind. 672, 684, 93 N. E. 1061, 95 N. E. 243; *Maris* v. *Wolfe* (1910), 46 Ind. App. 416, 419, 92 N. E. 661; *Stimson* v. *Rountree* (1906), 168 Ind. 169, 171, 78 N. E. 331, 80 N. E. 149; *Garrison* v. *Day* (1905), 36 Ind. App. 543, 548, 76 N. E. 188; *Daugherty, Admr.,*

v. *Rogers* (1889), 119 Ind. 254, 257, 260, 20 N. E. 779, 3 L. R. A. 847; *Hoke* v. *Jackman* (1914), 182 Ind. 536, 107 N. E. 65.

Effect must be given to all parts of a will if possible. In ascertaining the intention of the testatrix all the provisions of the will must be considered, regardless

3.  of whether some of them may be invalid, or incapable of execution because of some fixed rule of law, or because of the right of some devisee to

4.  elect to take under the law and to reject the provisions of the will. *Fenstermaker* v. *Holman, supra,* 74; *Skinner* v. *Spann, supra,* 684; *Garrison* v. *Day, supra; Heasman* v. *Pearse* (1871), 7 L. R. Ch. 275, 283; Gray, Rule against Perpetuities (3d. ed.) §§629, 630, 631, 633; *Ridgeway* v. *Lanphear* (1885), 99 Ind. 251, 257.

When a fee-simple title is devised by one clause of a will in clear and decisive terms, it cannot be cut down or modified by a subsequent clause which merely

5.  raises a doubt or leaves room for a contrary inference, nor by any subsequent words which are not as clear and decisive as those by which the

6.  estate is devised. But where such latter provisions clearly and distinctly show an intention to give an estate less than a fee simple, or clearly and unmistakably show an intention to make the devise subject to some condition, limitation or restriction which under the law necessarily cuts down or destroys the estate devised, such intention cannot be ignored, and the will must be interpreted and carried into effect subject to such modifications, restrictions or subtractions as necessarily result from such provisions so clearly and definitely stated. *Fenstermaker* v. *Holman, supra,* 75; *Stimson* v. *Rountree, supra; Fowler* v. *Duhme* (1896), 143 Ind. 248, 260, 283, 42 N. E. 623.

While the object of construing a will is to ascertain,

and give effect to, the intention of the testator when possible so to do under the rules of law, yet the fact remains that the intention to be carried into effect by judicial interpretation of a will is not necessarily or always the intention which existed in the mind of the testator when the will was executed, but is always that intention which is embodied in and obtained from the language of the will itself. *Lee* v. *Lee* (1909), 45 Ind. App. 645, 648, 91 N. E. 507; *Daugherty, Admr.*, v. *Rogers, supra; Sturgis* v. *Work* (1890), 122 Ind. 134, 136, 22 N. E. 996, 17 Am. St. 349.

Section 3998 Burns 1914, §2962 R. S. 1881 provides: "The absolute power of aliening lands shall not be suspended by any limitation or condition whatever, contained in any grant, conveyance or devise, for a longer period than during the existence of a life or any number of lives in being at the creation of the estate conveyed, granted, devised and therein specified, with the exception that a contingent remainder in fee may be created on a prior remainder in fee, to take effect in the event that the person or persons to whom the first remainder is limited shall die under the age of twenty-one years, or upon any other contingency by which the estate of such person or persons may be determined before they attain their full age."

Gray in his treatise on "The Rule against Perpetuities" (3d ed. §§629, 630, 632) says: "The Rule against Perpetuities is not a rule of construction, but a peremptory command of law. It is not, like a rule of construction, a test, more or less artificial, to determine intention. Its object is to defeat intention. Therefore every provision in a will or settlement is to be construed as if the Rule did not exist, and then to the provision so construed the Rule is to be remorselessly applied. * * * Our first duty is to construe the will; and this we must do, exactly in the same way as if the Rule against Perpe-

tuity had never been established, or were repealed when the will was made; not varying the construction in order to avoid the effect of that rule, but interpreting the words of the testator wholly without reference to it. * * * But it is hardly in human nature for judges not to be influenced by the natural desire to construe deeds and wills so as to carry out, as far as possible, the intention of settlers and testators, rather than so as to defeat such intention, particularly when the rule which threatens it is harsh in its application, which the rule against Perpetuities, however beneficial its general operation, undoubtedly often is; and therefore constructions have sometimes been put, almost unconsciously, on wills which the Courts would never have adopted had the Rule against Perpetuities not existed."

Borland on Wills and Administration, pages 301, 302, says: "Where the language of an express provision of a will is free from doubt, a consequence resulting from it that the testator would not have favored will not be permitted to affect the construction of the will and much less to prevent the application to it of a settled rule of law. * * * Where the provisions of a will are partly legal and partly illegal, the legal parts will be upheld if capable of separation from the illegal. If the elimination of the invalid portions so changes the general scheme of the testator as to make the remaining portions amount to a new and different will, the whole must fail."

In *Ruston* v. *Ruston* (1796), 2 Dall. 243, 1 L. Ed. 365, it is said: "The intention of the testator shall govern the construction of a will in all cases, except where the rule of law overrules the intention, and this is reducible to four instances. 1. Where the devise would make a perpetuity. 2. Where it would put the freehold in abeyance. * * * 4. Where a fee is limited on a fee."

. In *Teal* v. *Richardson* (1902), 160 Ind. 119, 122, 66 N. E. 435, 436, our Supreme Court quoted with approval from an opinion by Judge Sharswood as follows: " 'Nothing certainly is better settled than that the intention of a testator, if not contrary to law, shall be carried out in the disposition he may make of his property after death. There are many things which he can not do, however clearly he may intend it. He can not create a fee and clog the power of alienation or relieve it from liability for debts. He can not create a perpetuity by an executory devise after an indefinite failure of issue or at any other future period, which may not be until after a life or lives in being and twenty-one years.' In *Doebler's Appeal*, 64 Pa. St. 9, 15, the same judge said: 'While the intention of the testator, if consistent with law, is undoubtedly to be the polar star, yet we are bound to take as our guides those general rules or cannons of interpretation which have been adopted and followed by those who have gone before us. It becomes no man and no court to be wise above that which is written. Security of titles require that no mere arbitrary discretion should be exercised in conjecturing what words the testator would have used, or what form of disposition he would have adopted had he been truly advised as to the legal effect of the words actually employed. That would be to make a will for him instead of construing that which he had made.' "

The language of item No. 6 of the will under consideration—"but said property shall not be sold by them or any of them until after ten years after my husband's death, at which time their title shall be a fee simple"— clearly denies the right to alienate the land for ten years after the death of appellee; and violates our statute against perpetuities. *Fowler* v. *Duhme, supra,* 283, 292, 294; *Hayes* v. *Martz* (1909), 173 Ind. 279, 285, 288, 89 N. E. 303, 90 N. E. 309; *Phillips* v. *Heldt*

(1904), 33 Ind. App. 388, 395, 71 N. E. 520; *Staples* v. *Hawes* (1898), 39 App. Div. 548, 551, 53 N. Y. Supp. 860. Omitting that portion of item No. 6 of the will which relates to the alienation of the estate devised, the language is sufficient to pass the fee-simple title of the real estate. to the children of Isaac Reeder. §3123 Burns 1914, §2567 R. S. 1881; *Snodgrass* v. *Brandenburg* (1904), 164 Ind. 59, 60, 62, 71 N. E. 137, 72 N. E. 1030; *Fenstermaker* v. *Holman, supra; Fowler* v. *Duhme, supra.*

While we have held the language of the first part of item No. 6 of the will, considered apart from the succeeding phrase limiting the right of alienation, sufficient to devise a fee-simple title, such conclusion still leaves undetermined the legal effect of the whole clause when viewed in the light of all the provisions of the will. The further questions remain, viz.: (1) Does the language permit us to hold that the testatrix intended to devise a fee-simple title without an equally clear intention of denying to the devisees the right of alienation for the specified time? (2) Can we eliminate the latter clause as void and yet give effect to the former?

As already indicated the latter phrase of clause No. 6 is clearly in restraint of the right of alienation. This conclusion compels us to reject appellee's contention that the language used is only a limitation on the use and enjoyment of the property devised. The right of alienation is an essential element of a fee-simple title. *Fowler* v. *Duhme, supra,* 286; *Granger* v. *Granger* (1896), 147 Ind. 95, 111, 44 N. E. 189, 46 N. E. 80, 36 L. R. A. 186, 190.

Where the provisions of a will are partly legal and partly illegal, the legal parts may be upheld if they can reasonably be separated from the illegal without changing the general scheme of the testator and disregarding his clearly expressed intention. If

by such elimination the remaining portions of the instrument amount to a different devise from that which the testator intended, the whole must fail. *Clearspring Tp.* v. *Blough* (1909), 173 Ind. 15, 25, 88 N. E. 511, 89 N. E. 369; *Granger* v. *Granger, supra;* Borland, Wills and Adm. 301, 302; *Sevier* v *Woodson* (1907), 205 Mo. 202, 104 S. W. 1, 120 Am. St. 728; *Shepperd* v. *Fisher* (1907), 206 Mo. 208, 245, 103 S. W. 989; *Lockridge* v. *Mace* (1891), 109 Mo. 162, 18 S. W. 1145; Tiedeman, Real Estate (3d ed.) 582; Williams,. Real Estate 464, 465; *Andrews* v. *Lincoln* (1901), 95 Me. 541, 545, 50 Atl. 898, 56 L. R. A. 103; *Russell* v. *Hartley* (1910), 83 Conn. 654, 78 Atl. 320; *Phillips* v. *Heldt, supra; Central Trust Co.* v. *Egleston* (1906), 185 N. Y. 23, 33, 77 N. E. 989; *Staples* v. *Hawes, supra; Kountz's Estate* (1906), 213 Pa. 390, 62 Atl. 1103, 3 L. R. A. (N. S.) 639, 5 Ann. Cas. 427; Page, Wills §470; *Matter of Will of Butterfield* (1892), 133 N. Y. 473, 476, 31 N. E. 515.

The dominant purpose of the testatrix, as gathered from the whole will, was: (1) To make provision for the support of her brother; (2) to bestow upon her husband during his lifetime all her property, real and personal; (3) to give all her property, real and personal, to the children of her nephew, Isaac Reeder, subject to the charge on her real estate in favor of her brother and subject to the life estate of her husband. This conclusion is evidenced not only by the affirmative provisions of the will but by the absence from it of any residuary clause devising the property to any one other than appellants.

Such being the dominant intention of the testatrix and the general scheme of disposition adopted by her, it leaves but one further question to decide to ascertain the legal effect of the provisions of the will, viz., Can the illegal clause against alienation be eliminated and

the devise stand, or does the attempted restraint on alienation render the devise of clause No. 6 void?

The principal proposition involved in the question has been decided by our Supreme Court in *Fowler* v. *Duhme, supra.* In that case the will of the testator in one clause devised certain real estate to his children, "'share and share alike in equal portions, and to their respective heirs forever,'" subject to certain conditions, one of which was that "'no part of the real estate situate in Benton county, Indiana, * * * shall be sold or alienated by my said children, or any of them, or their heirs, for the period of twenty-five years from and after the date of the execution of this my will.'" The court held that the clause in restraint of alienation violated the statute against perpetuities and was void; that the devise of the fee-simple title was valid notwithstanding the void provision in restraint of alienation.

The case at bar presents the further question of the effect of the void provision where the language employed in stating it is closely connected with, and is equally as apt and clear as, the language of the devise. This phase of the question does not seem to have been presented, considered or decided by the court in *Fowler* v. *Duhme, supra,* unless by inference from the discussion of other questions. Be this as it may, in view of the dominant intention of the testatrix, we hold that the devise in clause No. 6 may be sustained and the provision in restraint of alienation held void without disturbing or ignoring the general scheme of disposition adopted by the testatrix in executing her will. By this construction we avoid partial intestacy in so far as it results from the provisions of the will and give effect to all the essentially controlling elements of the intention of the testatrix as evidenced by the whole instrument. As supporting this conclusion, we cite *Fenster-*

*maker* v. *Holman, supra; Skinner* v. *Spann, supra; Maris* v. *Wolfe, supra; Phillips* v. *Heldt, supra; Saxton* v. *Webber,* (1892), 83 Wis. 617, 53 N. W. 905, 20 L. R. A. 509 and notes; *Russell* v. *Hartley, supra; Lepard* v. *Clapp* (1907), 80 Conn. 29, 36, 66 Atl. 780; *Sevier* v. *Woodson, supra; Shepperd* v. *Fisher, supra; Disman* v. *Flippin* (1909), (Ky.) 116 S. W. 740, 741; *Eldred* v. *Meek* (1899), 183 Ill. 26, 55 N. E. 536, 75 Am. St. 86, 90, 91; *Matter of Will of Butterfield, supra; Reid* v. *Voorhees* (1905), 216 Ill. 236, 74 N. E. 804, 3 Ann. Cas. 946; *Estate of Fair* (1901), 132 Cal. 523, 60 Pac. 442, 64 Pac. 1000, 84 Am. St. 70, 86; *Clemens* v. *Clemens* (1867), 60 Barb. (N. Y.) 366, 369; *Johnston's Estate* (1898), 185 Pa. St. 179, 39 Atl. 879, 64 Am. St. 621.

The law favors the vesting of remainders at the earliest possible period and, in the absence of a clearly expressed intention to the contrary, presumes that 13. words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of the estate. The appellants take a vested remainder in the undivided two-thirds part of the real estate subject to the life estate of appellee. *Moores* v. *Hare* (1896), 144 Ind. 573, 575, 43 N. E. 870; *Myers* v. *Carney* (1908), 171 Ind. 379, 383, 86 N. E. 400; *Campbell* v. *Bradford* (1905), 166 Ind. 451, 453, 77 N. E. 849.

We therefore conclude that the testatrix devised her estate to her husband for life and the residue, both real and personal, to the children of her nephew, 12. Isaac Reeder, the appellants in this action; that the provision in restraint of alienation is void because it violates the statute against perpetuities, but does not vitiate the devise. Appellee elected to take under the law and rejected the provisions of the will.

By the provisions of Clause No. 6 of the will the 14. fee in the real estate is devised to appellants at

the death of appellee. By his election to take under the law, appellee became the owner of the fee-simple title to one-third part of the real estate. By appellee's rejection of the life estate given him by the will, such life estate in the two-thirds part of the real estate is not disposed of by the will and appellee takes the same as sole heir of his deceased wife by virtue of the statute, §3028 Burns 1914, §2490 R. S. 1881. See also, §3016 Burns 1914, Acts 1891 p. 71; §3046 Burns 1914, Acts 1907 p. 73; *Rocker* v. *Metzger* (1908), 171 Ind. 364, 367, 86 N. E. 403; *Morris* v. *Morris* (1889), 119 Ind. 341, 343, 21 N. E. 918.

We therefore hold that appellee is the owner in fee-simple of the undivided one-third part of the real estate in controversy and of a life estate in the undivided two-thirds part thereof; that appellants are the owners of the fee-simple title to the undivided two-thirds part of said real estate subject to appellee's life estate therein. The judgment is therefore affirmed in part and reversed in part, with instructions to the lower court to restate its conclusions of law to conform with this opinion and to render judgment accordingly. It is also further ordered that the appellants pay half, and appellee half, of the costs of this appeal.

Ibach, C. J., Moran, Caldwell, Hottel and Shea, JJ., concur.

## ON PETITION FOR REHEARING.

FELT, P. J.—Appellee's learned counsel earnestly petition the court to grant a rehearing and support the petition with able and ingenious arguments. After a careful consideration thereof we have concluded that the petition should be overruled. The numerous propositions and arguments advanced all relate either directly or indirectly to the interpretation of item No. 6 of the will under consideration. We have held that the lan-

guage of the first part of that item—"At the death of my beloved husband, I give all my estate both real and personal, to the children of my nephew, Isaac Reeder, who shall survive my husband"— devises the fee-simple title to the real estate of the testatrix to appellants, but that their use and enjoyment thereof is deferred until the death of appellee, and that the meaning and effect of such devise is not changed by the subsequent portions of the item which deal with the right to alienate the real estate.

The gist of the arguments against this construction is, that the language is not sufficient to devise such title and that the above quoted portion of item No. 6 cannot be separated from the part that immediately follows it. The conclusion announced is supported by the decisions cited, and is also fortified by the following rules of construction.

While a devise of real estate in general terms unaccompanied by words of inheritance or other language defining the quantity of the estate devised gives only a life estate, yet where the will contains any expression or provision indicating an intention to devise a fee-simple title, the courts will give effect thereto in order to carry out the intention of the testator. *Skinner* v. *Spann* (1911), 175 Ind. 672, 701, 93 N. E. 1061, 95 N. E. 243; *Fenstermaker* v. *Holman* (1901), 158 Ind. 71, 62 N. E. 699; *Gibson* v. *Brown* (1916), 62 Ind. App. 460, 110 N. E. 716.

A bequest of personal property in general terms is sufficient to give to the devisee an absolute title; and where a general devise of real estate is coupled with a general bequest of personal property, such fact is sufficient to indicate an intention to devise the lands in fee. This rule is applicable here for item No. 6 deals with "both real and personal" property. The first part of the item devises the

Reeder *v.* Antrim—64 Ind. App. 83.

fee and the subsequent language seeks to qualify it and to provide that such qualification shall cease to operate ten years after the death of appellee. We therefore have a valid devise of a fee with an attempted invalid qualification, and this under the law, after eliminating such invalid qualification, amounts to a fee-simple title, subject only to such deferred enjoyment of the estate granted as results from the valid provisions of the will. *Gibson* v. *Brown, supra; Mulvane* v. *Rude* (1896), 146 Ind. 476, 481, 45 N. E. 659; *Heilman* v. *Heilman* (1891), 129 Ind. 59, 63, 28 N. E. 310.

Our attention has also been called to §3047 Burns 1914 Acts 1907 p. 73, by an *amicus curiae*, with the suggestion that the statute changes the law as announced in the opinion and supported by the decisions in *Rocker* v. *Metzger* (1908), 171 Ind. 364, 86 N. E. 403, and *Morris* v. *Morris* (1889), 119 Ind. 341, 21 N. E. 918. The will in question does not purport to devise to appellants any interest in the real estate to be enjoyed by them until after the death of appellee. Appellee takes nothing by virtue of the will of his wife, but as her sole surviving heir inherits that portion of her estate, which, under the provisions of the will as affected by appellee's election to take under the law, is not disposed of by the will. We therefore conclude that the facts of this case are such as to make the foregoing decisions in point on the propositions to which they are cited. We do not regard the section of the statute referred to as in any way affecting this case for appellee takes nothing by virtue of the will of his wife. We are not therefore called upon to express an opinion as to the meaning and effect of the statute on cases to which it is applicable.

The petition for a rehearing is overruled.

NOTE.—Reported in 110 N. E. 568. Wills: construction, ascertaining intent, 50 Am. St. 281, 40 Cyc 1388; effect of an invalid clause upon clauses otherwise valid, 3 Ann. Cas. 950, 18 Ann. Cas. 473; estates created, construction, 40 Cyc 1573; cutting down clear devise or bequest by clauses or expression of doubtful import, 3 Ann. Cas. 615, 10 Ann. Cas. 176, 11 Ann. Cas. 470, 40 Cyc 1584, 1586. Perpetuities: validity of partial or limited restraint on alienation of fee-simple estate, 7 Ann. Cas. 319, 30 Cyc 1518-1521. See under (13) 40 Cyc 1650.