In the Matter of the Petition of GEORGE CHRISTIE et al., for the Appointment of a Trustee under the Will of OLIVER BUTTERFIELD, Deceased.

A new trustee will not be appointed in place of one deceased where it clearly appears that the trust or power in trust is void.

B., by his will, gave his wife one-third of all his real and personal estate and divided the residue among his eight children and one grandson, and provided that their shares should be paid to them within one year after the youngest child should become of age; five of the children were at the time of the testator's death minors. The will gave to the wife, as executrix, a discretionary power of sale, but expressly directed that it should not be exercised until the majority of his youngest child. The widow qualified, and after having acted as executrix and trustee under the will for several years died. *Held,* that the power in trust was void, and that an application for the appointment of a new trustee was properly denied.

While a valid testamentary trust may be relieved from the peril of some unlawful incident or limitation by disregarding it, this can only be done where the vicious provision is clearly separable from the valid devise or trust and may be disregarded without maiming the general frame of the will or the testator's substantial and dominant purpose.

Reported below, 59 Hun, 153.

(Argued June 2, 1892; decided June 14, 1892.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made February 18, 1891, which reversed an order of Special Term appointing a trustee.

The petitioners asked for the appointment of a trustee under the will of Oliver Butterfield, deceased, in the place of Rhoda Butterfield, deceased. Said Oliver Butterfield died July 1, 1868, leaving a will, the material provisions of which are as follows:

"*First.* After all my lawful debts are paid and discharged, I give and bequeath to my wife Rhoda, one-third of all my real and personal estate of every name and nature.

"*Second.* I give and bequeath all the rest, residue and remainder of my real and personal estate of what nature or kind soever to my children: Duane, Harriet, Jerome, Elijah, Rhoda, Mary, Fred, Harley and my grandson George, to be

divided equally between them, share and share alike, except as to my daughter Harriet, whose share shall be but one-half the amount paid to each of the other children; which several legacies I direct and order to be paid to the said respective legatees, within one year after the youngest of my said children shall have arrived at the age of twenty-one years. 1 do hereby nominate and appoint my wife Rhoda executrix, and my son Duane executor, of this my last will and testament, hereby revoking all former wills by me made.

"I give and devise all my real and personal estate, of what nature or kind soever, to my wife Rhoda, executrix of this my last will and testament hereinbefore nominated and appointed in trust, for the payment of my just debts and the legacies above specified, with power to sell and dispose of the same at public or private sale and at such time or times and upon such terms and in such manner as to her seem meet; provided, however, that no part of my real estate as aforesaid, shall be sold until each and all of my said children hereinbefore named shall have arrived at the age of twenty-one years."

Of the children named, all of whom survived the testator, five were minors at his death. Rhoda died in 1886. At that time, one of the children was yet a minor.

*Matthew Hale* for appellant. The power in trust conferred by the will upon Rhoda Butterfield, was not given to her as executrix, but as trustee. (*Boynton* v. *Hoyt*, 1 Den. 53; *Germond* v. *Jones*, 2 Hill, 569; *Royce* v. *Adams*, 123 N. Y. 412; Code Civ. Pro. § 2818; 1 R. S. 730, § 71; *Cooke* v. *Platt*, 98 N. Y. 35; *Delaney* v. *McCormack*, 88 id. 174; *Greenland* v. *Waddell*, 116 id. 240; *Ward* v. *Ward*, 105 id. 68.) There was no unlawful suspension of the power of alienation. (*Greene* v. *Greene*, 125 N. Y. 506; *Kennedy* v. *Hoy*, 105 id. 134; *Van Schuyver* v. *Mulford*, 59 id. 426.) The granting of the petition was a matter of right, and not a matter of discretion. (1 R. S. 730, § 68.)

*A. D. Arnold* for respondents. The petitioners must show, to entitle them to the order asked for, the existence of an

apparent legal trust and some of its objects unperformed.
(*In re Waring*, 99 N. Y. 114, 118.)   The trust as to the real
estate was void.   It absolutely suspends the power of aliena-
tion during five minorities.   (2 R. S. [8th ed.] chap. 1, art. 1,.
§§ 14, 15 ; *Smith* v. *Edwards*, 88 N. Y. 92 ; *Hawley* v. *James,*
16 Wend. 61 ; *Post* v. *Hover*, 33 N. Y. 593, 597 ; *Robert* v.
*Corning*, 89 id. 225 ; *Garvey* v. *McDermitt*, 72 id. 556 ; *Hen-*
*derson* v. *Henderson*, 113 id. 12.)   There is no proof that the
trust is unperformed.   Petitioners must show the existence of
a valid legal debt, for the benefit of which the trust may
attach.   (*Butler* v. *Johnson*, 111 N. Y. 204 ; *Bloodgood* v.
*Bruen*, 8 id. 362 ; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90 ; Code
Civ. Pro. § 1823 ; *Hovey* v. *Elliott*, 118 N. Y. 124.)   If there
remains any power in trust under this will yet to be per-
formed, it must be enforced through an administrator with
the will annexed, and not through a trustee.   (*Mott* v. *Acker-*
*man*, 92 N. Y. 539, 553, 554.)   Andrew Minton was an inno-
cent purchaser for value.   The trust as to him is void and
without effect.   (2 R. S. 756 ; 4 id. 2469.)   An appeal to the
Court of Appeals from a final order affecting a substantial
right made in a special proceeding brings up for review, in
that court, every question affecting a substantial right and not
resting in discretion which was determined by the General
Term of the court below in rendering the judgment or making
the order from which the appeal is taken.   (Code Civ. Pro.
§ 1337.)   Where the order does not state the grounds of
reversal the court will not examine the opinion of the court
below for its reasons, and if the General Term may have
exercised its discretion this court will assume that it did and
will dismiss the appeal.   (*Fisher* v. *Gould*, 81 N. Y. 228 ;
*People* v. *Lawrence*, Id. 644.)

FINCH, J.   It is not denied by the argument made on behalf
of the appellant that the power of sale conferred upon the
executrix suspends the absolute power of alienation beyond
the permitted period.   It is limited not, upon lives in being
as the statute requires, but upon five minorities which may

prevent a complete transfer for as many lives. No conveyance could give a perfect and absolute title while overshadowed by the trust power which might, at any time during the prescribed minorities, defeat the estate granted. The learned counsel for the appellant, while frankly admitting the difficulty, seeks to avoid it by insisting that the unlawful restriction may be cut off and disregarded, and the power in trust be allowed to stand free from the prohibition declared. It is quite true that cases occur in which that sort of judicial remedy is applied in order to save valid trusts from the peril of some unlawful incident or limitation, but the doctrine is only applicable where the vicious provision is clearly separable from the valid devise or trust, and may be disregarded without maiming the general frame of the will, or the testator's substantial and dominant purpose. This is not such a case. The power is given explicitly upon condition, and only upon condition, that it shall not be exercised until the five minor children have all become of age; and the prohibition not only forms an essential element of the power as given, but cannot be disregarded without also destroying the general scheme of the will and frustrating the testator's principal purpose. What that was is very plain. He first gave to his wife one-third of all his real and personal estate, and then divided the residue among his eight children and one grandson, but specifically provided that their shares should be paid to them within one year after the youngest child should reach the age of twenty-one years. He named his wife and one son, Duane, as executrix and executor, and then gave to the wife and mother, as executrix, a discretionary power of sale, but expressly directed that it should not be exercised until the majority of the youngest child. His manifest purpose, and almost the only one which made his will necessary, was to keep the real estate unsold and undivided so that it might serve as a home for his family until the last period of infancy had passed and the ultimate division was to occur. To strike from the power of sale the express restraint upon its exercise would materially change the character and purpose of the

power and imperil the vital intention underlying the will. We are not at liberty to go so far.

Without, therefore, considering whether this trust power could or could not be exercised by an administrator with the will annexed, it is enough to say that the court will not appoint a new trustee in room of one deceased where it is plainly and clearly apparent that the trust or power in trust is void.

The order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.