In the Matter of the Application of WILLIAM T. FRECH for the Appointment of Successor Trustees under the Last Will and Testament of JOHN J. FRECH, Deceased.

HENRY H. FRECH, Appellant; WILLIAM T. FRECH, Respondent.

First Department, March 18, 1927.

Wills — construction — appointment of successor trustees — will named wife, son and friend as executors and trustees, " or the one who may qualify "— widow who is now dead was only one to qualify — will gave and devised real and personal property to trustees to rent and manage and to pay income to widow for life — remainder was devised to children or descendants of deceased children — remainder was not within trust — later clause in will gave power of sale to trustees " or the one who may qualify " and on death of wife " if the other trustees survive," they were given authority to sell and divide proceeds — in absence of survivor trustee power of sale ended — improper for court to appoint successor trustees — allowance was properly made to special guardian of great grandchildren.

The surrogate should not have appointed successor trustees under testator's will for, under the terms of the will, the real estate has passed directly to the remaindermen. It appears that the testator appointed his wife, his son and a friend as executors and trustees " or the one who may qualify." The widow alone qualified and acted as executor and trustee until her death. The property, real and personal, was left for the benefit of the widow with remainder over to the testator's children and the descendants of deceased children. The trustees were charged with the duty to rent and manage the property and pay the income to the wife during her life and in a separate paragraph of the will the trustees " or the one who may qualify " were given power to sell and in the next paragraph thereafter the testator provided that on the death of his wife " if the other trustees survive " they were to have the power and authority to sell the real estate and divide the proceeds.

The remainder was not within the trust nor affected thereby, and the only power of sale applicable was that vested in a trustee originally named who survived the death of the wife and, therefore, it was error to appoint successor trustees for the purpose of selling the real property, since the only power of sale was given to surviving trustees.

An allowance made out of the estate to a special guardian appointed for great grandchildren of the testator was proper, since under the devise of the remainder which provided that the remainder should go to the children of the testator and to the descendants of deceased children, it is arguable that the intention of the testator was to provide for the *per capita* distribution among all the descendants of a deceased child. The appointment of a special guardian was, therefore, justified.

APPEAL by Henry H. Frech from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 22d day of December, 1926, granting the application of William T. Frech for the appointment of successor trustees under the will of John J. Frech, deceased.

*Chester B. McLaughlin* of counsel [*Rowe & Walsh*, attorneys], for the appellant.

*Frank C. Laughlin* of counsel [*Stewart W. Bowers* with him on the brief; *William F. Carell*, attorney], for the respondent.

FINCH, J. The questions presented upon this appeal concern the appointment of successor trustees under a will and the payment out of the estate of an allowance to a special guardian.

The will in question was probated in 1892 and named as the three executors and trustees, " my wife, Catherine Frech, my son John J. Frech, Jr., and my friend Joseph F. Umpleby, or the one who may qualify." Only the widow qualified. She died in November, 1925, and, upon petition, the Surrogate's Court thereupon appointed three successor trustees to sell the real estate and pay over the proceeds according to the shares provided in the will. The owner of a one-sixth interest in the estate objected to the appointment of successor trustees, claiming that the will provided for a sale only by the original trustee and that the corpus of the estate was in the remaindermen subject to the interest of the widow as life beneficiary, and hence no necessity or authority existed for the appointment of successor trustees. This presents a question of the intention of the testator as revealed by the language of the will. In the 1st paragraph he gives to his executors and trustees for the life of his widow all his real and personal estate in trust, to invest, reinvest, rent out and manage the same and pay the net income arising therefrom to his wife for her life. It will be noted that the property was thus given to these trustees only for the life of the wife, and there was no power given them in this trust other than to rent out and manage the real estate. The words " invest " and " reinvest " clearly have reference to the personal property, since there is no power of sale given in connection with the trust. Upon the death of his widow he directs that all his real estate and personal property shall be divided among his children share and share alike, and he gives and devises the same to them. It is here to be noted that the real estate, as well as the personal property, is to be divided among his children, and he directly devises and gives the same to them as a present devise and gift, subject to the life interest of the widow. Particularly is this indicated by the use of the word " devise." The estate in

remainder was not within the trust, but without it. (*Losey* v. *Stanley*, 147 N. Y. 560; *Matter of Easterly*, 202 id. 466, 475; *Fulton Trust Co.* v. *Phillips*, 218 id. 573; *Matter of Tienken*, 131 id. 391; *Ray* v. *Fowler*, 200 App. Div. 155.) The trust estate vested in the trustees was to rent out and manage for the life of the widow only and, as noted, did not comprise a power of sale. Such power of sale as was given was provided for and considered by the testator as a power of sale outside of the trust. He gave it in a paragraph of the will separate and apart from the paragraph providing for the trust. Such a devise and gift of the real estate and personal property directly to his children is the opposite of a case such as *Delafield* v. *Barlow* (107 N. Y. 535), where the testator directed his executors to divide the other half of his residuary estate into four equal parts and *bequeathed* one of these equal parts to each of his children. In this latter case it was clear that the intention was to have the division before the bequest. In the case at bar, however, the *devise* and bequest was an immediate one to the children, to take effect at the death of the testator, subject to being divested in favor of the descendants of any child of the testator who should predecease the life beneficiary leaving descendants and subject also to a power of sale in the named trustees. The testator clearly shows his intention to have his children, as remaindermen, receive their respective shares, not in money, but in the land. The use of the words " real estate " and the word " devise " and the grant to the " other trustees," if they survive, of the power to sell " the real estate *then* constituting a part of my estate " (italics not in original), all point to this purpose. The shares which his children should take in the real estate and in the personal property were to be equal. The words of the will are " all my real estate and personal property shall be divided among my children share and share alike, ·and I give and devise the same to them." In *Gourley* v. *Campbell* (66 N. Y. 169) the court said that " an insuperable obstacle to a construction which converts the whole real estate into money, is the concluding portion of the will, by which the testator devises and bequeaths to his children by name all his ' estate, both real and personal, of all kinds whatsoever, to be equally divided between them share and share alike, upon the event of the death of their mother.' If the testator had designed that all his estate should be converted into money he would not have made a disposition of his real estate."

The testator next takes up the question of the power of sale in a separate paragraph, where he says: " I give to my said executors and trustees, or the one who may qualify, full power to sell and

convey any or all of my real estate, including any real estate purchased by him, her or them." In the following paragraph the testator continues the power of sale in the other trustees on the death of the wife, provided the other trustees survive. He writes: " On the death of my wife, if the other trustees survive, I give them or the survivor full power and authority to sell and convey any or all of the real estate then constituting a part of my estate, and to divide the proceeds as above directed." Therefore, on the death of the wife the other trustees under the will had no power over the estate in remainder, except the power given them by the will upon the express condition that they survive the widow. (*Matter of Butterfield*, 133 N. Y. 473, 476; *Kissam v. Dierkes*, 49 id. 602.) This was a permissive power to sell the residuary estate and to divide the proceeds among the remaindermen. Unless it is held that no power of sale was given to the other trustees, except they survived, the words " if the other trustees survive " are without meaning. So to hold would violate a canon of construction (which is but the enunciating of a common sense rule) that where possible all parts of a written instrument should be so construed as to give to each an adequate meaning. Furthermore, the word " successor " does not follow the word " survivor " in this paragraph of the will, but the power of sale is expressly given to the other trustees or the survivor. Therefore, the intention of the testator would seem to have been to devise the property to his children, subject to a power of sale only in the three trustees whom he had chosen because of his confidence in them. The power of sale thus given was personal and confidential. It was also discretionary. This is further borne out by his words in the previous paragraph, where he gives the power to sell the real estate, " including any real estate purchased by him, her or them," showing that he had in mind his son, his wife, or the son, wife and friend together. An examination of the will thus shows an intention to give the real and personal property to his children, subject only to a trust to rent out and manage and pay the income to his widow for her life, and subject also to a power of sale in the trustees named by him and the survivor of them. The cases relied upon by respondent show by the language used a different intention, as in *Matter of Laing* (59 App. Div. 612; affd., 170 N. Y. 621), where a fund involving many claimants remained undistributed and there was clearly a direction to distribute this fund. Hence the trust remained unexecuted and the duty devolved upon the Supreme Court to appoint a substituted trustee to carry out the trust.

The appellant also urges that no allowance should be made out of the estate to a special guardian appointed for a great granddaughter and a great grandson, who are infants under fourteen years of age, their parents being respectively a grandson of the testator and a granddaughter of the testator. The parents of the infants are still living, but the grandparents, being the children of the testator, are deceased. The appellant urges that since the parents of the children are alive, the children have no interest and that, therefore, a guardian should not have been appointed for them, but, if appointed, no allowance should be paid out of the estate, since no benefit accrued to the estate. Under the language of the will, however, these infants have a possible interest through which the appointment of a guardian was not only justified, but was essential, as indicated by the learned surrogate. In the 1st paragraph the will provides: " If any child of mine shall have died, I give and devise to the descendants of such child or children the share the parent would have been entitled to receive if living at the date of the death of my wife." Since the gift and devise was to the descendants of a deceased child, there is some ground for argument that what was intended was a *per capita* distribution among all the descendants of the deceased child, which might give these children a direct interest. (*Schmidt* v. *Jewett*, 195 N. Y. 486.) Since, therefore, the appointment of the guardian was justified, this appointment was a benefit to the estate and hence the allowance was properly made.

The decree appealed from should, therefore, be reversed in so far as it appoints successor trustees, and otherwise affirmed, with ten dollars costs and disbursements to the appellant on this appeal.

Dowling, P. J., Merrell, McAvoy and Proskauer, JJ., concur.

Decree in so far as it appoints successor trustees reversed, and in other respects affirmed, with ten dollars costs and disbursements of this appeal to the appellant, and proceeding remitted to the surrogate for further action in accordance with opinion.