In the Matter of the Estate of ANNE A. KIMBER (Also Known as ANNIE A. KIMBER), Deceased.

Surrogate's Court, Bronx County, December 4, 1939.

*W. Morton Carden*, for Louisa E. Boutelle, trustee, petitioner.

*Joseph A. Reynolds*, special guardian for Arthur Clifford Kimber and others, infant remaindermen, objectants.

*K. Courtenay Johnston*, for George C. Kimber and others, objectants.

*Frederick W. McGowan*, for the National Surety Corporation.

HENDERSON, S. The questions decided herein were raised by objections to the account of Louisa E. Boutelle, testamentary trustee.

The will directed the division of the decedent's residuary estate into four equal shares. The trustees were directed " to hold each of said equal shares " for the following life beneficiaries, George C. Kimber, John E. Kimber, Anna K. Boutelle and Louisa E. Boutelle, who were nephews and nieces of the decedent. The remaindermen were the children of the respective life beneficiaries. The nephews have children. The nieces were unmarried. Anna K. Boutelle survived the decedent, but has since died. The trustee is the secondary life beneficiary of that trust. The two nephews are presently the remaindermen of the trusts created for the nieces. Should either of the remaindermen predecease the *cestui que trust*, his share is to go to his children.

Three objections have been filed by the special guardian for the infant remaindermen. George C. Kimber, John E. Kimber, Isabelle C. Kimber and Alice B. Kimber have filed eleven numbered objections, some of which are subdivided.

Those of the special guardian will first be considered. His first objection is to twenty-three items set forth in Schedule C which he asserts should be charged to income instead of capital.

The four trusts are held *in solido*. There are three pieces of real property owned by the estate. The decedent died seized of a bond and mortgage executed by Nellie Halleran and another executed by Margaret DiMenna.

Before her death the decedent started to foreclose the DiMenna mortgage. This proceeding was concluded by the executrix who

took over the mortgaged real property which was unimproved, and turned it over to the trustee.

The other mortgaged realty is also unimproved. It was necessary for the executrix to take over this property also. It was also turned over to the trustee.

The trustee takes the position that, so far as these two parcels are concerned, they are salvage operations and that those expenditures which have been made on account thereof should be advanced from principal until such time as a sale may be had and the proceeds allocated between capital and income under the rule in *Matter of Chapal* (269 N. Y. 464). One parcel has been sold subsequent to the period covered by this account.

The objectants urge that the rule in *Matter of Chapal* applies only to property which has become unproductive during the administration of the trustee. There appears to be no reason for such a distinction. In that case Judge LOUGHRAN said (at p. 472): " In such an investment situation what is involved is the salvage of a security. The security it is to be remembered is a security not for principal alone but for income as well. On a sale, therefore, the proceeds should be used first to pay the expenses of the sale and the foreclosure costs and next to reimburse the capital account for any advances of capital for carrying charges not theretofore reimbursed out of income from the property."

Whether the default on the mortgage investment occurs during the administration of the estate by the executor or is postponed until the trustee is in charge, makes no difference. In both cases the necessity for acquiring the real estate and for its subsequent liquidation is the same, and the equities involved in the apportionment between income and principal are the same.

The present accounting makes a charge against principal for expenses incurred in the liquidation of the real estate. Such expenditures should be shown as advances respectively for the particular properties involved.

Objection is made to an allowance claimed by the trustee for traveling from her home in New Hampshire to New York city on four occasions. While such trips should only be taken when necessary and such allowances carefully scrutinized, they are proper if they can withstand the test of such an examination. The trustee took up her residence in New Hampshire before this will was executed and has resided there continuously since. The testatrix must have known where the trustee was living. She realized that such expenses might necessarily have to be incurred if the accountant accepted the appointment requested of her by the testatrix. Four such trips were undertaken; $150 of the expenses incurred on three of those trips should be allocated to the salvaging of the unimproved

real estate. She caused an appraisal of the three parcels of real property for which she expended seventy-five dollars; fifty dollars of this sum is allocable to the unimproved property. A reasonable allowance for her attorney in connection with one parcel is seventy-five dollars. These sums have been charged to principal in the account. They should be set up as advances from principal and charged equally to the two unimproved parcels except the attorney's fee which is charged to the Halloren property.

The items of $121.55 for taxes and three dollars for repair of sidewalk for lot 58 are advances from principal to be charged against proceeds of sale from that lot; and the sum of $185.20 for taxes on lots 33 and 34 is an advance from principal to be charged to that parcel. There is an item of $85.80 for taxes, but it is not shown what amount is chargeable to each parcel. The trustee is directed to file an affidavit showing how much of this sum should be allocated to the respective properties.

It is a general rule that all the ordinary expenses of the administration of a trust are chargeable to income, and that only such expenses which increase the value of the trust capital such as permanent improvements to real property are chargeable to principal. (*Matter of Tracy*, 179 N. Y. 501; *Matter of Shepard*, 136 Misc. 218.)

Applying such rule, the following items are erroneously charged to principal and are chargeable to income: Standard Safe Deposit Company of New York, safe deposit rental, two items, $26.40; fire insurance, West Farms property, $10; Mechanics Bank, Concord, N. H., safe deposit box, $5.50, and the balance of $25 for the appraisal of the West Farms property.

Objection was made to a charge to principal of $168.38 for the trustee's bond premium and $75 for custodian fee.

Paragraph ninth of the will reads: " And I further direct that no bond or other security be required of any of them for the faithful performance of their duties as trustees hereunder."

On the executor's accounting the special guardian for certain remaindermen objected to the qualification of the trustee on the ground that she was a non-resident and asked for the appointment of a trust company as cotrustee. The surrogate declined to appoint such cotrustee but required the trustee to file a bond pursuant to section 97 of the Surrogate's Court Act. To save premium expense the trustee arranged for a bank to act as custodian of certain of the assets and filed a bond for the balance. It is these items that the trustee charged to principal. The testatrix did not contemplate any expenditures for such purposes for she expressly directed that no bond was to be filed. The bond was filed because it was requested by the remaindermen. Under the circumstances it is a fair construction of the will that the testatrix did not wish the income of

the primary objects of her bounty reduced by such expenses. These items were properly charged to principal, and this case presents an exception to the general rule that such expenses are chargeable to income, because it is equitable to require those who sought such protection in spite of the provisions of the will to bear such costs.

There is another item of fifty dollars charged to capital for traveling expenses of the trustee's fourth trip. This was incurred in connection with an objection to her qualification as trustee on the ground that her conduct as executrix justified such refusal. This was an attack upon her personally which she was required to defend and her presence in court was necessary. It had nothing to do with the administration of the trust estate and is a capital expense in connection with the setting up of the trust.

There are two items of five dollars and sixteen cents and one dollar and forty-two cents taxes to the State of New York. Claim was made for income tax for the last year of the decedent's life. The claim was compromised by the trustee who had also been the executor. It is an executorial expense payable from principal. It made no difference whether she reserved a sum as executor for this claim or settled it from the trust funds. She chose the more practical course.

The item of $31.90 is reasonable and will be allowed. It is properly charged to principal. This expense was incurred for a stenographer's fee in connection with an examination before trial. The trustee is suing on a claim of the decedent. It is a proper attempt on her part to enforce this claim. Any recovery will add to the capital account.

Objection is made to the attorney's fee of $500 which is charged to principal. The fee is reasonable and is allowed. I have already stated that seventy-five dollars of that sum should be charged as an advance from principal for the unimproved real estate. All of the attorney's services, except those above referred to, are chargeable to principal. I find that $425 should be charged to principal.

The second objection of the special guardian to a claim for commissions on uncollected claims is sustained on consent.

The third objection of the special guardian to the effect that the expenses of the accounting are chargeable to income, is overruled. (*Matter of Petremont*, 213 App. Div. 318; affd., 241 N. Y. 586.)

The other objections are disposed of as follows:

1. This objection is to the failure of the trustee to pay income quarterly as directed in the will. No quarterly income has been paid. The objection is sustained. While certain interest-bearing securities are in the possession of the bank custodian and cannot be

withdrawn except upon a·court order, there appears to be no reason why the trustee should not apply for such an order upon the accrual of distributable income.

2. Overruled. The sum which the trustee has left on deposit in the savings bank cannot be said to be an abuse of discretion.

3. (a) and (c) These objections are similar to those of the special guardian upon which a determination has been made.

(b) Objection is made that the present trustee is the life beneficiary of two of the four trusts which she now administers *in solido*. It is well settled that a trustee may not at the same time be both the sole trustee and the sole beneficiary. (*Weeks* v. *Frankel,* 197 N. Y. 304, 310.) The will provides in paragraph eighth: " In case of the failure of either niece above-named to qualify as my trustee or of the death, resignation or subsequent inability of either of such trustees to act, all powers or duties shall be exercised and discharged by the remaining trustee. And in the event of the failure of both of the above-named trustees to qualify, or of the death, resignation or subsequent inability of both of the said trustees to act, then, in that event, I nominate, constitute and appoint my nephew John E. Kimber and my nephew George C. Kimber, trustees under this, my last will and testament." The objection is sustained. The two trusts for George C. Kimber and John E. Kimber, respectively, and those for the trustee should be severed. Pursuant to the terms of the will, George C. Kimber and John E. Kimber will be appointed cotrustees with the present trustee for the trusts under which she is the sole life beneficiary, upon their due qualification.

4 and 5. These are similar to the objections of the special guardian already disposed of.

6. Overruled. No such question is presented by this accounting.

7. (a) Overruled except as otherwise disposed of in the special guardian's objections.

(b) It appears that the trustee has paid an agent five per cent of the gross rentals collected. She now claims an additional five per cent. Her computation is erroneous. The gross rentals should be added to the other income collected during the accounting period and the commissions computed on that sum. (*Matter of Schinasi,* 277 N. Y. 252, 263.) Similar computation should be made with respect to the interest on the mortgage participation certificates. In all other respects, and except as otherwise disposed of in the objections of the special guardian, the objection is overruled.

All the other objections are dismissed except as otherwise disposed of above.

Settle decree.