In the Matter of the Appointment of a Successor Trustee of the Trust under the Will of EDWARD L'E. PHIPPS, Deceased. FRANCIS H. PHIPPS, Respondent; CORALIE E. PHIPPS, Appellant.— Appeal by the life beneficiary, who is also a contingent remainderman, from orders of the Surrogate's Court, Westchester County, made respectively on November 18, 1954, and January 5, 1955, the former granting the application of respondent, the remainderman, for the appointment of a successor cotrustee in place of a deceased cotrustee, and the latter granting appellant's motion for reargument but adhering to the original determination. Order, dated January 5, 1955, affirmed, without costs. Appeal from order, dated November 18, 1954, dismissed, without costs. The will expressly contemplated the appointment of successor trustees. Where the trustees are given a power of sale, and where the life tenant is the sole remaining trustee after the death of the other cotrustee, a successor cotrustee should be appointed to protect the rights of the remainderman. (*Matter of Kimber*, 172 Misc. 991, affd. 261 App. Div. 901; *Matter of*

*Connolly,* 158 Misc. 93.) Beldock, Murphy and Ughetta, JJ., concur; Wenzel, Acting P. J., and MacCrate, J., concur in the dismissal of the appeal from the order dated November 18, 1954, but dissent from the affirmance of the order of January 5, 1955, and vote to modify said order so as to provide therein that the said order of November 18, 1954, be vacated and that the application for appointment of a successor cotrustee be denied, with the following memorandum: The trust was created by the testator's will. The corpus was and still is a certain parcel of real property, all of which is leased to a tenant under a lease pursuant to which the tenant is required to pay, in addition to an amount as rent, all expenses and charges on the property, except insurance premiums and mortgage interest and principal. The will directed the trustees to pay the net income to appellant, the testator's widow, during her lifetime, and to pay the same after her death, and during the lifetime of the testator's brother William, to said brother and to respondent, another brother of the testator, and to transfer and convey the realty, upon William's death, to the respondent and his issue, except that if the respondent should predecease appellant without issue him surviving, the realty is to be transferred and conveyed to appellant. In another paragraph of the will appellant and a friend of the testator were named as the trustees, and powers were granted therein to them and to "their successor or successors". In still another paragraph, the testator praised appellant "for the good sense and excellent business judgment exercised by her in the management of my affairs during my physical incapacity". Brother William predeceased the testator, so that the life of the trust, when it went into effect, was to be measured solely by appellant's life, and she became the sole beneficiary of all the net income for the duration of the trust. The friend who had been named as cotrustee died after the death of the testator, leaving appellant as the sole surviving trustee. Upon her becoming the sole surviving trustee, and since she was the sole life beneficiary, the trust no longer had efficacy, at least in the absence of clear expression or indication in the will of an intention that appellant should not administer the property and income alone, without a cotrustee. Where the trustee and the beneficiary are one and the same person there is no trust, for "the equitable is merged in the legal estate, and the latter alone remains", and the result is that the life beneficiary holds a life estate in the corpus. (*Woodward* v. *James,* 115 N. Y. 346, 357; see, also, Real Property Law, § 92; *Matter of Reed* v. *Browne,* 295 N. Y. 184; *Weeks* v. *Frankel,* 197 N. Y. 304; *Brown* v. *Spohr,* 180 N. Y. 201, and *Rose* v. *Hatch,* 125 N. Y. 427.) No trust remained as to which a successor trustee could be appointed. From the textual frame of the will provision which created the trust, it is clear that the testator expected that brother William would survive the appellant. We do not read the reference to "successor or successors" of the named trustees to indicate an intention that, in the event of William's predeceasing the testator and the cotrustee's demise, appellant was not to administer the property alone or that the normally resultant legal life estate was not to obtain. As a matter of fact, as hereinabove pointed out, the will expressed the testator's full confidence in her "good sense and excellent business judgment". The fact that a discretionary power of sale was given to the trustees named in the will — the power was given by a paragraph separate from the one in which the trust was created — does not mean that something in the nature of a fiduciary act remained to be performed and that therefore the trust should be deemed still operative. (Cf. *Matter of Frech,* 220 App. Div. 126, affd. 246 N. Y. 552, and *Matter of Finck,* 103 Misc. 526.) Since there can be no trust for the benefit of appellant, by reason of the merger of the two estates, and, since, so far as the remaindermen are concerned (and assuming that respondent or his issue will actually succeed to the remainder, and not appellant herself by virtue of her contingent remainder estate), all that remains to be done is to turn over

the corpus at the end of appellant's life estate, which, if necessary, can be done by appellant's representative, the court was without power to appoint a successor cotrustee. (Cf. *Matter of Luckenbach,* 267 App. Div. 275, affd. 292 N. Y. 674.) If appellant were permitted to remain in possession of the property as life tenant, respondent as a contingent remainderman would not be without remedy for any wrong which she might commit against his rights as such remainderman. [See *post,* p. 825.]